IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV76-1-MU

| | |
|---|---|
| RODNEY D. SPRUILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STEVE BAILEY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed July 20, 2009.

In his Complaint, Plaintiff alleges that on May 12, 2009, Defendant Fox assaulted him by hitting him in the eye with a food tray and that as a result he required medical attention. Plaintiff also alleges that Defendant Fox verbally threatened him. Plaintiff names Defendant Fox, a correctional officer at Alexander Correctional Institution ("Alexander Correctional"); Defendant Brown, a lieutenant at Alexander Correctional; Defendant Bailey, the Regional Director of the Western Regional Office of the Department of Corrections; and Keith Whitener, the Administrator at Alexander Correctional as defendants in this matter. Plaintiff seeks one-hundred and fifty thousand dollars in damages and an additional fifteen thousand dollars in damages from each defendant.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the

PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title,or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

Plaintiff has submitted a copy of the grievance he claims exhausts his claims in the present action. A review of his grievance reveals however that nowhere in his grievance did he complain or allude to the fact that Defendant Fox had hit him in the eye with a food tray. Because Plaintiff did not place the prison on notice with regard to the main action that forms the basis of his federal Complaint, Plaintiff has not exhausted his claim and it is dismissed.[1]

Plaintiff also alleges that he was verbally harassed by Defendant Fox. It is well-settled however that verbal abuse, without more, does not violate a prisoner's constitutional rights. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(verbal abuse by a prison guard does not give rise to a cause of action under § 1983); Morrison v. Martin, 755 F. Supp. 683,687 (E.D.N.C.), aff'd 917 F.2d 1302 (4th Cir. 1990)(subjection of a prisoner to verbal abuse or profanity does not rise to

---

[1] In Anderson v. XYZ Correctional Health Servs. Inc., 407 F.3d 674 (4th Cir. 2005), the United States Court of Appeals for the Fourth Circuit held that the PLRA's exhaustion requirement does not impose a heightened pleading requirement on an inmate. Id. at 683. The Fourth Circuit, however, held that a court could sua sponte dismiss a complaint for failure to exhaust if failure to exhaust is evident from the face of the complaint or if it has given the plaintiff an opportunity to address the issue. Id. at 682-83. Here, as stated above, Plaintiff's failure to exhaust is evident on the face of the Complaint.
   Although lack of exhaustion was evident on the face of the Complaint, out of an abundance of caution this Court requested a complete copy of the grievance submitted by Plaintiff with his Complaint. In response the prison sent the Court a complete copy of the grievance identified by Plaintiff as exhausting his claim. Plaintiff also responded to this Order and again asserted that the grievance he had submitted exhausted his claims.

the level of a constitutional violation). As such, any claim of verbal harassment by Plaintiff is dismissed for failure to state a claim.

Moreover, the Court notes that Plaintiff fails to state any claim against Defendants Brown, Bailey, and Whitener. Indeed, Plaintiff does not even mention these individuals in the body of his Complaint. As Plaintiff attributes no action to these Defendants they are dismissed for that reason as well.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants Brown, Bailey, and Whitener are dismissed from this matter for failure to state a claim against them;

2. Plaintiff's claim of verbal threat is dismissed for failure to state a claim;

3. Plaintiff's claim of excessive force alleging that Defendant Fox hit him in the eye with a food tray is dismissed without prejudice for failure to exhaust his administrative remedies; and

4. Plaintiff's Complaint is dismissed in part and dismissed without prejudice in part.

Signed: August 4, 2009

Graham C. Mullen
United States District Judge